## Peter Weinand v. Marshall Field & Company.

### Gen. No. 12,453.

1. SAFE PLACE TO WORK—*instruction as to what essential to recover for failure of master to furnish, approved.* An instruction upon this subject is set forth in full in the opinion and approved.

2. ASSUMED RISK—*when doctrine of, applies, as to servant undertaking unusual duties.* When a servant of mature years undertakes any labor outside of the duties he has engaged to perform, the risks incident to which were equally open to the observation of himself and the master, the servant takes upon himself all such risks. Such a voluntary deviation from the original contract of service, entered into with full knowledge of the new risks assumed, is, on principle, to be looked upon as a new contract of service.

3. SPECIAL INTERROGATORIES—*when assignment of error with respect to giving of, abandoned.* An assignment of error questioning the propriety of the submitting to the jury of special interrogatories is deemed to have been abandoned where the brief of complaining counsel only refers to such special interrogatories at. the close of the argument by stating that the court erroneously gave to the jury not less than thirteen special interrogatories of such a nature as to add to the error of the instructions complained of.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed January 15, 1907.

Weinand v. Marshall Field & Co.

**Statement by the Court.**  Prior to March 24, 1902, plaintiff in error had been employed by the defendant in error as a painter and decorator, in painting and decorating the auditorium of the Bush Temple of Music in Chicago.

The work had been completed and the plaintiff in error with other painters, on the above-mentioned day, were engaged in removing a large scaffold which rested on the floor of the room and extended up to the dome of the auditorium.  The scaffold had been built for the carpenters and plasterers and used by them before the painters and decorators began to use it. Plaintiff in error had been working on it for three weeks.

The foreman ordered the painters and decorators to remove the scaffold, but gave no warnings or instructions as to the manner of doing the work.  At times the foreman assisted the men in the work.  He knocked loose and took away the braces which connected the main scaffold with the gallery of the auditorium, thus making the scaffold unsteady.  The plaintiff in error was standing on the first landing from the top of the scaffold on loose planks put there to walk upon, and while reaching up to push a board off the top of the scaffold the plank on which he was standing slipped off the cross-piece and he fell to the floor, receiving the injuries for which damages were sought to be recovered in an action brought in the Superior Court.  The trial resulted in a verdict of not guilty and a judgment for the defendant.  This writ of error is prosecuted to reverse the judgment.

S. P. DOUTHART and WALTER A. BRENDECKE, for plaintiff in error.

FRANK P. LEFFINGWELL, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The questions presented for the consideration of the

court on this writ of error are stated by counsel for plaintiff in error at the opening of their argument as follows:

"The evidence, although somewhat conflicting, clearly proved a case for the plaintiff, and, although in our opinion the verdict is against the weight of the evidence, we shall, as that question is a close one, confine ourselves to the error of the lower court in giving instructions and special interrogatories, on which questions clear error was committed."

The original declaration consisted of two counts. Two additional counts were afterwards filed. In each of these counts the alleged liability of the defendant in error is based upon the charge that the scaffold was defectively and dangerously constructed, and defendant in error without warning or instruction, and well knowing its unsafe condition, ordered the plaintiff in error to go upon said scaffold for the purpose of tearing it down.

The evidence tended to prove the facts set out in the statement preceding this opinion, and the further fact that plaintiff in error had never assisted in taking down such a scaffold.

Plaintiff in error complains of the action of the court in giving instructions numbered four, nine and twelve. These instructions are substantially the same. Instruction nine, by its terms, applies to a recovery under the first count of the declaration, and instruction twelve, by its terms, applies to the second count. It will be sufficient, therefore, to quote instruction four, which is as follows:

"The jury are instructed that the burden of proof in this case is upon the plaintiff, and before he can recover on account of the alleged negligence on the part of the defendant in providing or having for the plaintiff's use the scaffold or scaffolding mentioned in the plaintiff's declaration, it is necessary for the plaintiff to prove by a preponderance of the evidence:

"First.   That the said scaffold or scaffolding was in a bad, defective or unsafe condition at the time when the plaintiff was put to work or went to work thereon for the purpose of tearing down or removing the same, and that such bad, defective or unsafe condition existed because the said scaffold or scaffolding had been before that time defectively, dangerously or improperly constructed.

"Second.   That the defendant had knowledge or notice of such bad, defective or unsafe condition of said scaffold or scaffolding, or that the defendant might have had such knowledge or notice by the exercise of ordinary care.

"Third.   That the plaintiff did not know of such bad, defective or unsafe condition of said scaffold or scaffolding, and that he did not have the means of knowledge of such bad, defective or unsafe condition equal to the means of knowledge of the defendant.

"Fourth.   That the plaintiff at the time he received the injuries complained of was, in his relation to the accident, in the exercise of ordinary care and prudence for his own safety.

"If the jury believe from the evidence that the plaintiff has failed to prove by a preponderance of the evidence any one of these four propositions, then the jury should find the defendant not guilty."

We find no reversible error in these instructions. In our opinion they state the law applicable to the pleading and evidence in this case, in substance as laid down in Armour v. Brazeau, 191 Ill. 117, and the cases there cited.

Error is also assigned upon the giving of instruction numbered eleven, which is as follows:

"The jury are instructed that unless they believe from the evidence that the scaffold upon which the plaintiff was working at the time he was injured had, before the plaintiff or others began to remove it, been constructed in a defective or dangerous manner, as alleged in the plaintiff's declaration, then the plaintiff cannot recover and the jury should find the defendant not guilty."

As above stated, the gist of each and every count of the declaration was the negligent construction of the scaffold. It was not error, therefore, to give this instruction.

Plaintiff in error complains of instruction numbered six, given at the request of defendant in error. It is as follows:

"The jury are instructed as a matter of law that an employer is not required to warn his employe of dangers which are obvious to any reasonably cautious man, even though the employe is engaged in work outside of the duties of his regular employment. Hence, if the jury believe from the evidence that there was a danger in the work which the plaintiff was engaged in at the time he was injured and that the plaintiff's injury arose out of such danger, nevertheless, the plaintiff cannot recover if he, or any reasonably cautious man, could have seen, or with due care and consideration, would have realized such danger even though the jury believe from the evidence that the plaintiff was at the time engaged in work outside of the duties of his regular employment."

In Thompson on Negligence, Vol. 2, sec. 7, page 976, the learned author says: "When a servant of mature years undertakes any labor outside of the duties he has engaged to perform, the risks incident to which were equally open to the observation of himself and the master, the servant takes upon himself all such risks. Such a voluntary deviation from the original contract of service, entered into with full knowledge of the new risks assumed, ought, on principle, to be looked upon as a new contract of service."

In Houston, etc., Ry. Co. v. Fowler, 56 Tex. 452, the above is quoted with approval. See also Reed v. Stockmeyer, 74 Fed. Rep. 186. The instruction is applicable to the evidence before the jury and states the law correctly.

We are not favored with any brief or argument on behalf of plaintiff in error upon the special findings returned by the jury. The only reference to the spe-

cial findings is the statement at the close of the argument that in addition to the instructions the court erroneously gave to the jury not less than thirteen special interrogatories of such a nature as to add to the error of the faulty instructions. This is not sufficient to bring before us the special interrogatories and findings. We may say, however, that the practice of submitting a large number of special interrogatories in a case of this character cannot be too strongly condemned.

Finding no reversible error in the record, the judgment of the Superior Court is affirmed.

*Affirmed.*